UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6397 CAS (JEMx) | Date | September 19, 2013 |
|---|---|---|---|
| Title | CHARLES W. BARTLETT, ET AL. V. WELLS FARGO BANK, N.A. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Monica Salcido | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (In Chambers:) ORDER TO SHOW CAUSE REGARDING NOTICE OF REMOVAL

## I.     INTRODUCTION

On July 19, 2013, plaintiffs Charles and Sandra Bartlett initiated the instant action in the Los Angeles County Superior Court against defendants Wells Fargo Bank, N.A., NDEX West, LLC, and Does 1-100.  Plaintiffs assert claims for: (1) violation of California Civil Code § 2923.6; (2) violations of California Business and Professions Code § 17200, et seq.; (3) negligence; and (4) an accounting.

On August 30, 2013, defendant filed a notice of removal to this Court.  Defendant contends that the Court has diversity jurisdiction based on the parties' citizenship.  Dkt. #1.  On September 19, 2013, plaintiffs filed an ex parte application for a temporary restraining order as to a foreclosure sale scheduled for September 26, 2013.  Dkt. #7.

## II.     ANALYSIS

First, the Court concludes that it does not have subject matter jurisdiction over plaintiffs' claims on the basis of diversity.  "Section 1332 of Title 28 confers jurisdiction on federal courts where there is diversity of citizenship between plaintiffs and defendants.  Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008) (citations omitted).  As this Court has found before, a national bank is a citizen of both the state where it has its main office, as designated by its articles of association, and the state where it has its principal place of business.  See Ochoco v. Wells Fargo Bank, N.A., No. CV 12-6196, (C.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-6397 CAS (JEMx) | Date | September 19, 2013 |
|---|---|---|---|
| Title | CHARLES W. BARTLETT, ET AL. V. WELLS FARGO BANK, N.A. | | |

Aug. 16, 2012) (citing Rouse v. Wachovia Mortg., FSB, No. EDCV 11-0928, 2012 WL 174206, at *14 (C.D. Cal. 2012)). Absent further guidance from the Ninth Circuit, the Court is disinclined to revisit this conclusion here. Therefore, because the Court finds that Wells Fargo's principal place of business is in California and plaintiffs are California citizens, the Court cannot exercise jurisdiction on the basis of diversity of citizenship.

Moreover, because plaintiff's complaint asserts only state law claims, it does not appear that the Court may exercise jurisdiction over this case on the basis of a federal question. Accordingly, there does not appear to be a basis for the exercise of this Court's subject matter jurisdiction, which would make removal of this action improper. Due to this lack of subject matter jurisdiction, the court declines to consider plaintiff's motion for a temporary restraining order. See Cornhusker Cas. Co. v. O'Neill Plumbing Co., 143 F. App'x 762, 763 (9th Cir. 2005) (finding that because "there is no diversity among the parties, and we lack subject matter jurisdiction," the court "cannot consider the merits of the claim").

### III. CONCLUSION

In accordance with the foregoing, defendant is hereby **ORDERED to SHOW CAUSE by no later than September 23, 2013,** why this case should not be remanded to the Los Angeles County Superior Court.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | MS |