UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-6397 CAS (JEMx) | Date | October 7, 2013 |
|----------|----------------------|------|-----------------|
| Title | CHARLES W. BARTLETT, ET AL. V. WELLS FARGO BANK, N.A. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|------------------------|---------------------|---|
| MONICA SALCIDO | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| Not Present | Not Present |

**Proceedings:**  **(In Chambers:) ORDER REMANDING CASE**

## I.   INTRODUCTION

On July 19, 2013, plaintiffs Charles and Sandra Bartlett initiated the instant action in the Ventura County Superior Court against defendants Wells Fargo Bank, N.A., NDEX West, LLC, and Does 1-100.  Plaintiffs assert claims for: (1) violation of California Civil Code § 2923.6; (2) violations of California Business and Professions Code § 17200, et seq.; (3) negligence; and (4) an accounting.

On August 30, 2013, defendant filed a notice of removal to this Court.  Defendant contends that the Court has diversity jurisdiction based on the parties' citizenship.  Dkt. #1.  On September 19, 2013, plaintiffs filed an ex parte application for a temporary restraining order as to a foreclosure sale scheduled for September 26, 2013.  Dkt. #7.  On September 19, 2013, this Court issued an order to show cause why this case should not be remanded to the Los Angeles Superior Court for lack of subject matter jurisdiction.  Wells Fargo filed a response on September 23, 2013.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.   ANALYSIS

In its response to the Court's order, Wells Fargo references its previous arguments before this Court in <u>Ochoco v. Wells Fargo Bank, N.A.</u>, CV 12-6196 (C.D. Cal. Aug. 16, 2012), in which it argued that Wells Fargo is a citizen of South Dakota for the purpose of assessing this Court's jurisdiction based on diversity of citizenship.  Response Order to Show Cause 2 (citing CV 12-6196, Dkt. #12).  Wells Fargo notes that the issue of its citizenship is currently before the Ninth Circuit Court of Appeals, with oral argument

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-6397 CAS (JEMx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | CHARLES W. BARTLETT, ET AL. V. WELLS FARGO BANK, N.A. | | |

scheduled in November.  Id.  Accordingly, Wells Fargo requests that this Court defer ruling on the issue of subject matter jurisdiction, and set a briefing schedule for decision on plaintiffs' application for a temporary restraining order.

The Court declines to revisit its ruling in Ochoco.  The Court therefore concludes, as it did in Ochoco, that it does not have subject matter jurisdiction over plaintiffs' claims on the basis of diversity.  "Section 1332 of Title 28 confers jurisdiction on federal courts where there is diversity of citizenship between plaintiffs and defendants.  Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."  In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008) (citations omitted).  As this Court has found before, a national bank is a citizen of both the state where it has its main office, as designated by its articles of association, and the state where it has its principal place of business.  See Ochoco v. Wells Fargo Bank, N.A., No. CV 12-6196, (C.D. Cal. Aug. 16, 2012) (citing Rouse v. Wachovia Mortg., FSB, No. EDCV 11-0928, 2012 WL 174206, at *14 (C.D. Cal. 2012)).  Absent further guidance from the Ninth Circuit, the Court is disinclined to revisit this conclusion here.  Therefore, because the Court finds that Wells Fargo's principal place of business is in California and plaintiffs are California citizens, the Court cannot exercise jurisdiction on the basis of diversity of citizenship.

Moreover, because plaintiff's complaint asserts only state law claims, it does not appear that the Court may exercise jurisdiction over this case on the basis of a federal question.  Accordingly, there does not appear to be a basis for the exercise of this Court's subject matter jurisdiction, which would make removal of this action improper.  Due to this lack of subject matter jurisdiction, the court declines to consider plaintiff's motion for a temporary restraining order.  See Cornhusker Cas. Co. v. O'Neill Plumbing Co., 143 F. App'x 762, 763 (9th Cir. 2005) (finding that because "there is no diversity among the parties, and we lack subject matter jurisdiction," the court "cannot consider the merits of the claim").

## III.   CONCLUSION

In accordance with the foregoing, this case is hereby REMANDED to the Ventura County Superior Court.

IT IS SO ORDERED.